EASTERN DIST.
June, 1836.

ALEXANDER
vs.
EVANS ET AL.

schooner Cultivator, for New-Orleans, which was sunk in the Mississippi river by the steam-boat Abeona, owned by the defendants, and which was alleged to have been occasioned by the mismanagement of the officers of said steam-boat.

The defendants pleaded a general denial. The case was decided on the evidence introduced in the preceding case of Madame Brand against the same defendants and Sauné against the same. 9 *Louisiana Reports*, 325 and 428.

The district judge decided that the defendants be discharged from all liability. The plaintiff appealed.

*Shepard* and *Deblieux* for the plaintiff.

*Seghers, contra.*

The owners of steam-boats are liable for losses occasioned by collisions, and injuries done by them to other vessels, which might have been avoided by due diligence and care.

---

**ALEXANDER vs. EVANS ET AL.**

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

A twelve months' bond is essentially a contract to which the law attributes only the force of a judgment, so far as relates to its execution by summary process.

So a twelve months' bond taken in pursuance of the Act of 1817, *sec.* 14, 15, *does not operate as a judicial mortgage on the property of the obligors, when registered in the office of the recorder of mortgages.*

This suit commenced by injunction to restrain the sheriff of East Baton Rouge from proceeding to sell a certain house and lot in the town of Baton Rouge, seized in virtue of an order of seizure and sale obtained by the defendants.

The plaintiff claims the property in question in virtue of a sheriff's sale, made under an execution which issued on a twelve months' bond executed by Charles Cousinard as principal, and J. B. Aubert as surety, in favor of Davenport's heirs, dated the 23d of April, 1823, for the price of a slave of said Cousinard's, seized in execution, and bought in by him for the sum of $ 600.

The surety in the twelve months' bond having paid it, and being subrogated to the rights of the creditors therein, caused an *alias fi. fa.* to issue on the judgment against Cousinard, which was levied on the house and lot now in controversy, and purchased by him, the said Aubert, the 5th July, 1835. Aubert died, and at the probate sale of his succession the plaintiff became the purchaser of the said house and lot which he now claims.   He prays for an injunction, and that the property be declared to be his, and that he be quieted in his possession.   The defendants obtained an order of seizure and sale against this property, on a special mortgage executed by Mary Cousinard, with the consent of her husband, Charles Cousinard, and duly recorded the 26th October, 1824, after the date of the twelve months' bond executed by said Charles Cousinard and Aubert.

The plaintiff claims to hold the disputed premises, on the ground that the twelve months' bond executed by Cousinard and Aubert in 1823, being duly recorded in the parish judge's office, operated as a judicial mortgage on all the property of Cousinard, and, consequently, was prior and superior in rank to that under which the present defendants were proceeding.

The District Judge was of opinion that the twelve months' bond only operated as a mortgage on the property for the

price of which it was given. Judgment was rendered in favor of the defendants in injunction, with costs. The plaintiff appealed.

*Elam*, for the appellant.

*Bullard, J.,* delivered the opinion of the court. ·

The only question which this case presents for our consideration, is, whether a twelve months' bond, taken in pursuance of the act of 1817, to amend the several acts enacted to organize the courts of this state, and for other purposes, operates as a judicial mortgage upon the property of the obligors, when registered in the office of the recorder of mortgages.

The 15th section of that act declares, that when the sheriff shall have sold the property on a credit, he shall return with the execution the bond by him taken, and lodge the same with the clerk, which *shall have the force of a judgment.* It then provides for the issuing an execution on the bond, against both principal and surety, if the money be not paid when due, in the same manner as upon final judgment of the court. The previous section provides, that if the bond be given for the price of lands or slaves sold on execution, a mortgage shall be retained on the property sold.

It is argued, that if the bond is to have the force of a judgment, it must, when recorded, produce a judicial mortgage, as that is the necessary force of every judgment. The Civil Code which was in force at the time of this transaction, defines a judicial mortgage to be that which proceeds from every judgment, and declares that it takes effect from the day when the judgment has been rendered, either on a hearing of the parties, or by default, final or subject to appeal. But, it excepts awards of arbitrators before their execution has been ordered. *Civil Code, pages 452, 454, art.* 8, 9.

But, we are of opinion, that the twelve months' bond is essentially a contract to which the law attributes the force of a judgment only as relates to its execution by summary

A twelve months' bond is essentially a contract to which the law attributes only the force of a judgment, so far as relates to its execution by summary process.

process. It has, perhaps, no other attribute of a judgment. No appeal will lie upon it. No judicial sanction is required for its validity if it is taken by a ministerial officer. It may be attacked like other contracts for error, and would be void if the proceedings which led to it in executing the previous judgment were irregular and illegal. It belongs, rather, in the opinion of this court, to a class of contracts, which, by the Spanish law, carried with them the *execucion aparejada,* like a conventional mortgage passed before a public officer, having the force of a judgment confessed. We therefore concur with the district judge in opinion, that the recording of the twelve months' bond did not operate a judicial mortgage.

<div style="float:right">
EASTERN DIST.
*June,* 1836.

M'MICKEN
*vs.*
BANK OF LA.

So, a twelve months' bond taken in pursuance of the act of 1817, sections 14 and 15, does not operate as a judicial mortgage on the property of the obligors, when registered in the office of the recorder of mortgages.
</div>

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.